[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Price Moorer, appeals from the trial court's imposition of the maximum sentence for the fifth-degree felony of trafficking in cocaine. Concluding that the trial court did not make the requisite statutory findings prior to imposing the maximum sentence, we sustain Moorer's assignment of error and modify the sentence.
On June 1, 2000, after the entry of a plea of no contest, the trial court convicted Moorer of trafficking in cocaine in violation of R.C.2925.03(A), a fifth-degree felony. The court sentenced Moorer to community control for two years. During that time, Moorer violated the conditions of his community control when he was convicted of three charges of criminal damaging while intoxicated. Moorer was returned to court for a community-control-violation hearing. After finding him guilty of violating his community control, the trial court sentenced Moorer to a one-year prison term, the maximum sentence for the fifth-degree felony of trafficking in cocaine.
Initially, we note that Moorer is entitled, pursuant to R.C.2953.08(A)(1) and (4), to appeal as of right the maximum sentence. Furthermore, this court has previously held that when a prison term is imposed on an offender who has violated a community-control sanction, the best approach is for the court to sentence the offender anew.[1]
Therefore, the following findings are necessary prior to the imposition of the maximum sentence.
Pursuant to R.C. 2929.14(C), a maximum sentence may only be imposed on (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of recidivism; (3) certain major drug offenders; and (4) certain repeat violent offenders. When imposing the maximum sentence, the trial court must make one of the requisite R.C. 2929.14(C) findings, and it must give reasons supporting its finding before imposing the maximum term.[2] A thorough review of the record in this case reveals that the trial court did not make any of the required findings for the maximum sentence. Accordingly, as the maximum sentence was not properly imposed, we modify the sentence to a ten-month prison term.
Therefore, the judgment of the trial court is affirmed as modified by the terms of this judgment entry, and this cause is remanded for the trial court to correct its journal entry accordingly with respect to Moorer's sentence.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] State v. Akins (Dec. 22, 2000), Hamilton App. Nos. C-000168, C-000169 and C-000170, unreported.
[2] See R.C. 2929.19(B)(2)(d); State v. Edmonson (1999),86 Ohio St.3d 324, 328-329, 715 N.E.2d 131, 135.